## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:06CR202 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| ANTHONY BIRDINE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 123) filed by the Defendant, Anthony Birdine.  Birdine filed an affidavit (Filing No. 124) and a supporting brief (Filing No. 125).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Birdine was found guilty after a jury trial of four counts of the Superseding Indictment charging him with: conspiracy to distribute and possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, i.e., crack cocaine (Count I); distributing a mixture or substance containing cocaine base (Counts II and III); and possession with intent to distribute a mixture or substance containing cocaine

base (Count IV). (Filing Nos. 59-66.) Birdine was also found guilty of Count V, which charged him with criminal forfeiture. An Information was filed under 21 U.S.C. § 851 alleging two prior convictions. On February 12, 2007, Birdine was sentenced to life imprisonment on Count I, and concurrent terms of 360 months imprisonment on each of Counts II, III, and IV. Birdine's sentencing guideline range was 360 months to life, based on a total offense level of 38 and placement in criminal history category VI. (Filing No. 86.) Because of the Information filed under § 851, Birdine was subject to a mandatory life sentence on Count I. The Eighth Circuit affirmed Birdine's conviction and sentence on direct appeal, concluding: the evidence was sufficient to support his convictions; this Court did not err in applying the sentencing enhancement under § 851; the enhancement under U.S.S.G. § 3B1.4 for using or attempting to use a minor to commit the offense was properly applied. The Eighth Circuit also denied Birdine's petitions for rehearing and rehearing en banc. Birdine's § 2255 motion is timely.

In his motion, Birdine argues that his trial counsel was ineffective in failing to: object to the Superseding Indictment for failure to give Birdine fair notice of the charges (Ground One); offer him the option of pleading guilty without cooperating (Ground Two); object to a *Brady* or Jencks Act violation as well as witness Darrow Fowler's testimony (Ground Three); and allow Birdine to be arraigned on the Superseding Indictment "during" trial and the government to proceed without following the requirements of § 851 (Ground Four).

## DISCUSSION

In order to establish ineffective assistance of counsel, Birdine must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

*Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

## I.     *Ground One - Fair Notice of Charges*

Birdine argues that the Superseding Indictment is confusing because it charges a mixture "or" substance and that his trial counsel should have objected to this phrasing. He argues that because of this phrasing he did not have fair notice of the charges against him and is not sure whether he was found guilty of Counts I-IV based on a mixture or a substance containing cocaine base.

The phrase "mixture or substance" originates in 21 U.S.C. 841(b)(1), which was the basis of the charges in Counts I through IV. It is immaterial whether Birdine trafficked in mixtures versus substances containing cocaine base, and any difference is also immaterial for sentencing purposes. U.S.S.G. § 2D1.1.

For these reasons, Birdine has not proved either *Strickland* prong and counsel was not ineffective in failing to object to the phrasing in question used in the Superseding Indictment.

## II.     *Ground Two - Plea Options and Colloquy With Counsel*

Birdine argues that counsel misled the Court with respect to Birdine's decision to proceeding to trial versus pleading guilty. Birdine states that had his counsel properly

3

informed the Court a plea agreement would have been reached. The government will be ordered to respond to this argument.

### III. Ground Three - No objections per Brady, the Jencks Act, or to Fowler's Testimony

Birdine argues that trial counsel was ineffective for not objecting to trial witness Darrow Fowler's testimony because Fowler's statements were not given to the defense seven days before trial as ordered by Magistrate Judge Thomas D. Thalken. Birdine argues that he was prejudiced by the substance of the testimony as he was unable to investigate the information provided by Fowler.

The Court is unable to locate any order by Judge Thalken or the undersigned requiring the government to provide the defense with Jencks Act or any other material regarding Fowler seven days before trial. The law provides that a witness's statements need not be provided until after the witness testifies on direct examination. *United States v. Bolden,* 545 F.3d 609, 623 (8th Cir. 2008), *cert. filed,* (July 31, 2009) (No. 09-5694).

Birdine has not provided any arguments relating to any *Brady* material.

Birdine has not proved either *Strickland* prong, and this claim is denied.

### IV. Ground Four - Arraignment on § 851 Information During Trial

Birdine argues that trial counsel was ineffective for failing to object to the occurrence of the arraignment on the government's notice of prior convictions during trial.

On June 30, 2006, the government filed its Information alleging prior convictions under 21 U.S.C. § 851. On July 20, 2006, defense counsel responded, objecting to the prior convictions. Upon the filing of a Superseding Indictment, Judge Thalken issued an

order stating that, unless the parties objected, arraignment on the Superseding Indictment would take place at the change of plea hearing. No objections were filed. Plea negotiations were held, during which the Defendant was informed of the Superseding Indictment and the Information and the effects of both. (Filing No. 98 (Trial Transcript, vol. II), at 193-94.) The Court and the parties took a break during trial and the Court then arraigned Birdine on both charges. (*Id.*, at 194-97.) The Court placed Birdine under oath and Birdine testified that he had reviewed and read both charges and had discussed them thoroughly with his attorney. Defense counsel noted for the record his earlier denial of the prior convictions. (*Id.*, at 197.)

Birdine had ample notice of the Information alleging prior convictions, and his attorney objected to it soon after its filing. Birdine stated under oath that he was aware of the pleading and its ramifications, and counsel represented that it had been discussed with Birdine during their plea discussions. Birdine cannot prove either prong of the *Strickland* test. The objection is denied.

## CONCLUSION

The government is ordered to respond to Ground Two. Because Birdine cannot prove either *Strickland* prong with respect to the remaining grounds, Grounds One, Three, and Four are dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 123);

2.     Upon initial review, the Court summarily dismisses the following claims raised in the § 2255 motion: One, Three, and Four;

3.     On or before October 19, 2009, the United States must answer claim Two in the Defendant's § 2255 motion and support the Answer with a brief;

4.     On or before November 19, 2009, the Defendant may file a responsive brief; and

5.     The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 18th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge